IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alex Haltiwanger, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Acting Warden Lewis; Associate )<br>Warden Early; Associate Warden )<br>Duffy; Associate Warden Janet Glenn; )<br>Major Bennett; Captain Toth; )<br>Lieutenant Perks; Lieutenant Rice; )<br>Sergeant Thomas; Officer Lollis; )<br>Officer Chandler; Nurse H. Burgess; )<br>Nurse Amy Enloe; Mental Health )<br>Counselor Wyantt; and Food Director )<br>Lim, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 5:19-2336-BHH<br><br>**ORDER** |

This matter is before the Court upon Petitioner Alex Haltiwanger's pro se petition complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On March 4, 2020, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant Defendants' motion to dismiss and dismiss this case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Petitioner's failure to prosecute and failure to comply with the Court's orders. Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. The Report was delivered to Petitioner at his last known address but was returned

as undeliverable. (*See* ECF No. 60.) Despite the Court's specific warning to Petitioner that he must keep the Court advised in writing of any changes in his address, and that a failure to do so will not be excused, it appears that Petitioner has failed to keep the Court notified of a change in address. Due to Petitioner's failure, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, Petitioner has failed to keep the Court notified of any change in address, and this action is subject to dismissal. In addition, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's recommendations and her finding that Petitioner apparently no longer wishes to pursue this action.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF

No. 58) and grants Defendants' motion to dismiss (ECF No. 40).  The Court hereby dismisses this action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Petitioner's failure to prosecute and failure to comply with the Court's orders.

    **IT IS SO ORDERED.**

                                            /s/Bruce H. Hendricks
                                            The Honorable Bruce Howe Hendricks
                                            United States District Judge

April 24, 2020
Charleston, South Carolina